**ROTHENBERG & CAMPBELL**
By: Howard Rothenberg, Esquire
345 Wyoming Avenue, Suite 210
Scranton, Pennsylvania 18503
Attorney I.D. #38804
Phone: 570.207.2889 || Fax: 570.207.3991
Email: hrlaw01@gmail.com

*Attorney for the Plaintiffs,*
*Sharon Calvey & Christopher Calvey*

| | |
|---|---|
| **SHARON CALVEY and CHRISTOPHER CALVEY**<br>2015 Cardinal LN<br>Clark Summit, PA 18411<br><br>Plaintiffs.<br>v.<br><br>**WAL-MART USA, INC. and WAL-MART STORES, INC.**<br>P.O. Box 8083<br>Bentonville, AK 72712<br><br>Defendants. | IN THE UNITED STATES DISTRICT COURT<br>FOR THE MIDDLE DISTRICT OF PENNSYLVANIA<br><br>CIVIL ACTION – LAW<br>JURY TRIAL DEMANDED<br><br>Case No.: |

COMPLAINT

  **AND NOW COMES** the Plaintiffs, Sharon Calvey and Christopher Calvey ("Plaintiffs"), by and through their counsel, Howard A. Rothenberg, Esquire, of Rothenberg & Campbell, by way of Complaint against the Defendants, Wal-Mart USA, Inc., and Wal-Mart Stores, Inc. ("Defendants"), and hereby complains and avers as follows:

THE PARTIES

1. Plaintiff, Sharon Calvey, is an adult and competent individual with a residence of 2015 Cardinal LN, Clark Summit, Pennsylvania, and a citizen of the Commonwealth of Pennsylvania.
2. Plaintiff, Christopher Calvey, is an adult and competent individual with a residence of 2015 Cardinal LN, Clark Summit, Pennsylvania, and a citizen of the Commonwealth of Pennsylvania.
3. Defendants, Wal-Mart USA, Inc. and Walmart Stores, Inc. (hereinafter referred to collectively as "Defendants") are believed to be corporations organized and existing under the corporate laws of the State of Delaware with a principal place of business in Bentonville Arkansas, Defendants are licensed to do business within the Middle District of Pennsylvania, with a retail store located at 390 PA-315, Pittston, Pennsylvania 18640,

known also as Wal-Mart Supercenter #2543 (hereinafter referred to as "Wal-Mart Supercenter #2543). Defendants are citizens of the State of Delaware.

## JURISDICTION AND VENUE

4. This Court has original authority pursuant to 28 U.S.C § 1332 where the amount in controversy exceeds $75,000.00 and complete diversity of citizenship exists between the Plaintiff and the Defendants.
5. Venue is proper in this Court pursuant to 28 U.S.C § 1391 in that the cause of action arose in Luzerne County, Pennsylvania.

## COUNT I: NEGLIGENCE
## SHARON CALVEY V. WAL-MART USA INC. & WAL-MART STORES, INC.

6. The Plaintiff reavers and realleges ¶ 1 through 5 as though more fully set out at length herein.
7. At all material times hereto, the Defendant owned, possessed and/or operated, and were further responsible for the maintaining of the facility known as Wal-Mart Supercenter #2543, located at 390 PA-315, Pittston, Pennsylvania 18640.
8. On or about March 16, 2022, while on the premises of Wal-Mart Supercenter #2543, the Plaintiff was caused to fall as a result of a unmaintained and uneven parts of its property, specifically its parking lot area, as a result of which Plaintiff was thrown violently into the ground and landing on Plaintiff's face, head, neck, left knee, and left hand, and as such sustained severe, disabling and permanent injuries as will be outlined herein.
9. At all material times hereto, and in-particular on March 16, 2022, the Defendants as the owners and/or possessors of the aforesaid property, were responsible forseeing to it that the property was not dangerous and was free of any defects which could cause injury.
10. The Defendants, as owners and/or possessors of the aforesaid property wherein this accident occurred, had a duty, under law, to conduct reasonable inspections of the premises and to either warn persons, such as the Plaintiff, of any dangers and/or correct any defective conditions which would be dangerous to persons such as the Plaintiff.
11. The Defendants, by and through its agents, servants and/or employees, knew, or with the exercise of reasonable inspection, should have known of the dangerous conditions prior to the happening of the aforementioned incident.
12. The negligence, carelessness and/or recklessness of the Defendants by and through their agents, servants and/or employees consisted of the following:
    a. In then and there permitting a dangerous condition to exist on their premises where they knew, or with reasonable inspection should have known, that pedestrian traffic such as the Plaintiff would travel,
    b. In then and there failing to make proper and timely inspections of the premises in order to discover this dangerous condition;
    c. In then and there failing to take timely and proper remedial steps in order to correct this dangerous condition after they knew or should have known, of the existence of same;

   d. In then and there failing to maintain the area at or near the scene of the accident in a proper, safe, and adequate manner when the Defendants knew, or with the exercise of reasonable care should have known, of the dangerous condition existing therein;
   e. In failing to maintain the area in a proper, safe, and adequate manner for the safe and proper travel by pedestrian traffic such as the Plaintiff;
   f. In failing to provide proper and adequate supervisory and maintenance programs, inspection programs, correction programs or other programs and/or procedures to assure proper, safe, and adequate pedestrian areas under the care, custody, and control of the Defendants;
   g. In failing to provide warning devices or other methods of warning and/or advising pedestrians of the dangerous condition concerning the area in question;
   h. In failing to maintain the area in question in a reasonably safe condition at or near the site of the accident alleged herein;
   i. In failing to exercise reasonable care under all of the existing conditions;
   j. Such other acts of negligent conduct, careless conduct and/or reckless conduct as shall be discovered during the course of discovery pursuant to the applicable Rules of Civil Procedure.
13. The negligence, carelessness and/or recklessness of the Defendants by and through their agents, servants and/or employees, as outlined above, was the proximate cause of the accident and resultant injuries sustained by the Plaintiff as is outlined herein.
14. As a result of the negligence, carelessness and/or recklessness of the Defendants by and through their agents, servants and/or employees, as described herein, the Plaintiff was caused to be violently thrown to the ground and onto Plaintiff's face, head, neck, left knee, and left hand, and which further caused Plaintiff to suffer severe, debilitating and permanent injuries which include, but are not limited to the following: concussion, post-concussion syndrome, nausea, dizziness, blurry vision, severe headaches, increasing memory issues, neck pain, trouble sleeping, trouble walking, tingling, numbness, fatigue, anxiety, as well as shock to Plaintiff's nerves and nervous system.
15. By reason of the negligence, carelessness and/or recklessness of the Defendants by and through their agents, servants and/or employees, as described above, the Plaintiff has sustained serious and permanent personal injuries by reason of which she has been rendered sick, sore and disabled as a result of which she has suffered, and yet continues to suffer for an indefinite period of time into the future.
16. As a further result of the negligence, carelessness and/or recklessness of the Defendants by and through their agents, servants and/or employees, as described above, the Plaintiff has sustained such injuries as a result of which she has been required to receive and undergo medical attention and care has incurred medical expenses and will incur medical expenses into the future.
17. As a result of the aforesaid injuries sustained by the Plaintiff, she has been and yet is and will forever in the future be unable to go about her usual daily life and routine.
18. The Plaintiff has been informed, and therefore avers, that the injuries sustained in this accident are permanent in nature.

WHEREFORE, the Plaintiff, Sharon Calvey, demands Judgment against the Defendants, Wal-Mart USA, Inc., and Wal-Mart Stores, Inc., in an amount in excess of the mandatory Jurisdictional limits for this Honorable Court, together with interest, costs and attorneys' fees.

### COUNT II: LOSS OF CONSORTIUM
### CHRISTOPHER CALVEY V. WAL-MART USA INC. & WAL-MART STORES, INC.

19. The Plaintiffs reaver and reallege ¶ 1 through 18 as though full set out at length herein.
20. As further result of the injuries sustained by his wife, the Plaintiff, Christopher Calvey, has lost and is continuing to lose the companionship, society, and services of his wife and will continue to lose such for an indefinite period of time into the future.

WHEREFORE, the Plaintiff, Christopher Calvey, demands Judgment against the Defendants, Wal-Mart USA, Inc., and Wal-Mart Stores, Inc., in an amount in excess of the mandatory Jurisdictional limits for this Honorable Court, together with interest, costs and attorneys' fees.

Respectfully Submitted,

ROTHENBERG & CAMPBELL

Dated: October 28, 2022

_____
Howard Rothenberg, Esquire
Attorney I.D.: #38804
Rothenberg & Campbell
Attorney for Plaintiffs
345 Wyoming Ave., Ste. 210
Scranton, PA 18503
570.207.2889
HRLaw01@gmail.com

_____
Leah K. Popple, Esquire
Rothenberg & Campbell
Attorney for Plaintiffs
345 Wyoming Ave., Ste. 210
Scranton, PA 18503
570.207.2889
HRLaw08@gmail.com